FILED

01/28/2020

Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 17, 2019

## DEBORAH BALZER V. JOSEPH BALZER

**Appeal from the Chancery Court for Sevier County**
**No. 10-6-173          Telford E. Forgety, Jr., Judge**

_____

### No. E2019-00576-COA-R3-CV
_____

Following a divorce, husband and wife agreed that wife was to receive monthly alimony payments from husband for eight and a half years. The last four years of payments were contingent upon husband attaining the rank of airline captain. The type of alimony awarded was never specified. Wife later remarried and cohabitated with her new husband. Husband filed for a modification alleging that the alimony was transitional alimony and therefore statutorily modifiable upon wife's cohabitation with a third person. *See* Tenn. Code Ann. § 36–5–121(g)(2)(C) (2019). Wife instead argued that the alimony awarded was alimony *in solido* and therefore not modifiable except by agreement of the parties. *See* Tenn. Code Ann. § 36–5–121(h)(2). The trial court held that the expressly conditional nature of the alimony rendered it more properly classifiable as transitional alimony. The court terminated husband's alimony obligation based upon wife's remarriage and cohabitation with her new husband. Wife appeals. Discerning no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Kevin W. Shepherd, Maryville, Tennessee, for the appellant, Deborah Balzer.

Steven E. Marshall, Sevierville, Tennessee, for the appellee, Joseph Balzer.

**OPINION**

**I.**

On September 12, 1987, husband, Joseph Balzer, and wife, Deborah Balzer, were married. On June 17, 2010, wife filed for absolute divorce; on July 8, 2011, husband answered and also counter claimed for absolute divorce. Both parties alleged inappropriate marital conduct and irreconcilable differences.

Husband and wife have two children together; one was born in 1995 and the other in 1997. The children were minors at the time of the divorce. Both children have now reached the age of majority.

On September 13, 2011, the trial court held a hearing on the complaint and counter claims. On October 25, 2011, the court found that stipulated grounds exist sufficient to declare the parties divorced, pursuant to Tenn. Code Ann. § 36-4-129(b).[1] The court reserved "[a]ll other issues regarding marital property and division of marital debts."

On November 1, 2011, the court held a second hearing. Prior to the hearing, the parties had agreed on terms pertaining to property division, parenting, child support, and alimony. Their agreements were announced to the court. Wife's counsel stated that wife would

> receive alimony for the eight and a half years, and I don't even know if [husband's counsel] recalls this, but on the last four years the continuation of the alimony is conditioned upon Mr. Balzer, his seniority being as a condition where he would be flying left seat or as captain on the plane.

The alimony was set at $1,100 a month; the type of alimony was never specified. On July 13, 2012, the trial court entered its final judgment of divorce incorporating the parties' agreements. The final judgment also did not specify the type of alimony awarded to wife.

On July 5, 2018, husband filed a motion to terminate his alimony obligation. In his motion, husband alleged that wife remarried, on May 15, 2018. He alleged that his obligation to pay alimony should terminate based upon wife's remarriage and cohabitation with a third party. *See* Tenn. Code Ann. § 36–5–121(g)(2)(C) (stating that if the "alimony recipient lives with a third person…a rebuttable presumption is raised that…[t]he third person is contributing to the support of the alimony recipient and the alimony recipient does not need the amount of support previously awarded, and the court

---

[1] The trial court did not specify the stipulated grounds. The parties did not appeal this issue.

should suspend all or part of the alimony obligation to the former spouse.") Wife answered denying husband's averment that his obligation should terminate.

On January 23, 2019, the trial court held a hearing on husband's motion. Husband argued that the alimony award should be characterized as transitional, because it was a sum of money payable to wife for a determinate period of time. He argued that the continued payment of alimony was expressly conditioned upon certain events occurring, which indicates the parties' intention that the alimony was subject to modification and therefore transitional alimony. Furthermore, he argued that the court should find the alimony to have been transitional, because there is a statutory bias toward awarding short-term support, such as transitional alimony, over long-term support, such as alimony *in solido*.

Wife instead argued that the alimony should be characterized as alimony *in solido*. She argued that the parties never indicated that the alimony would terminate upon the death of the recipient, which is characteristic of transitional alimony. Despite its expressly conditional nature, she alleged that the alimony award should be understood by the court as an ascertainable lump sum that was to be paid to her in installments. She further argued that the trial court's decision to reserve "issues regarding marital property and division of marital debts" indicates that the alimony award was considered by the court to be part of the marital property and not a separate component, which she alleges is indicative of an award of alimony *in solido*.

In rendering its decision, the court reviewed the four types of alimony awards. *See* Tenn. Code Ann. § 36–5–121(d)(1) (stating that a "court may award rehabilitative alimony, alimony in futuro, also known as periodic alimony, transitional alimony, or alimony in solido, also known as lump sum alimony or a combination of these.") The court stated that the language of the agreement indicates that the continuation of alimony payments was conditioned upon husband achieving the rank of airline captain; if this condition was not met, then the alimony payments would cease. The court held that the conditional nature of the alimony renders it more properly classifiable as transitional alimony. The court held that the alimony award should terminate due to wife's remarriage and co-habitation with her new husband. *See* Tenn. Code Ann. § 36–5–121(g)(2)(C). Wife appeals.

## II.

Wife asks this Court to consider whether the trial court erred by classifying the alimony awarded to her as transitional alimony instead of alimony *in solido*.

## III.

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); **Bowden v. Ward**, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. **Bowden**, 27 S.W.3d at 916 (citing **Myint v. Allstate Ins. Co.**, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also* **In re Estate of Haskins**, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006).

## IV.

## A.

Tennessee law recognizes four distinct types of spousal support: (1) alimony *in futuro*, (2) alimony *in solido*, (3) rehabilitative alimony, and (4) transitional alimony. Tenn. Code Ann. § 36–5–121(d)(1). Two types are relevant to our present discussion: alimony *in solido* and transitional alimony.

Alimony *in solido* is a form of long-term support. The total amount of alimony *in solido* awarded is set on the date of the divorce decree and is either paid in a lump sum payment of cash or property, or paid in installments for a definite term. Tenn. Code Ann. § 36–5–121(h)(1). Alimony *in solido*:

> may be paid in installments; provided, that the payments are ordered over a definite period of time and the sum of the alimony to be paid is ascertainable when awarded.

Tenn. Code Ann. § 36–5–121(h)(1). Alimony *in solido* is considered a final judgment, "not modifiable, except by agreement of the parties only," and does not terminate upon the death or remarriage of the recipient or payor spouse. Tenn. Code Ann. § 36–5–121(h)(2)–(3). Alimony *in solido* "promotes the twin goals of certainty and finality through an award of a fixed amount without conditions." **Averitte v. Averitte**, 2013 WL 357602, at *5 (Tenn. Ct. App. Jan. 29, 2013) (citation omitted).

Conversely, transitional alimony is a form of short-term support. It is appropriate when a court finds that rehabilitation is not required but that the economically disadvantaged spouse needs financial assistance in adjusting to the economic consequences of the divorce. Tenn. Code Ann. § 36–5–121(d)(4). Transitional alimony is payable for a definite period of time and shall be nonmodifiable unless:

(A) The parties otherwise agree in an agreement incorporated into the initial decree of divorce or legal separation, or order of protection;

(B) The court otherwise orders in the initial decree of divorce, legal separation or order of protection; or

(C) The alimony recipient lives with a third person, in which case a rebuttable presumption is raised that:

> (i)    The third person is contributing to the support of the alimony recipient and the alimony recipient does not need the amount of support previously awarded, and the court should suspend all or part of the alimony obligation of the former spouse; or
>
> (ii)   The third person is receiving support from the alimony recipient and the alimony recipient does not need the amount of alimony previously awarded and the court should suspend all or part of the alimony obligation of the former spouse.

Tenn. Code Ann. § 36–5–121(g)(2).

The Supreme Court has held that

> [t]he statutory framework for spousal support reflects a legislative preference favoring short-term spousal support over long-term spousal support, with the aim being to rehabilitate a spouse who is economically disadvantaged relative to the other spouse and achieve self-sufficiency where possible. Thus, there is a statutory bias toward awarding transitional [] alimony over alimony in solido [].

***Gonsewski v. Gonsewski***, 350 S.W.3d 99, 109 (Tenn. 2011) (internal citations omitted).

**B.**

**1.**

Turning to the present matter, wife argues on appeal that the trial court's:

> [October 25, 2011] [o]rder did not make any reference to alimony, nor did it reserve the issue of alimony. That [o]rder simply reserved the issues of property and debt…The [f]inal [j]udgment of [d]ivorce does not set forth alimony as a separate element, but merely refers to issue of parenting and property.

She alleges that the alimony award must therefore be understood as a part of the parties' property division. Given that alimony *in solido* is often used as a means of adjusting the distribution of marital property, she argues that the alimony awarded here must have been alimony *in solido*, because property division was the only issue the court had left to address. *See, e.g. **Gonsewski v. Gonsewski***, 350 S.W.3d 99, 108 (Tenn. 2011) (stating that a typical purpose of an award of alimony *in solido* is to adjust the distribution of the parties' marital property.)

The court's October 25th order granted the parties an absolute divorce on stipulated grounds. The court further stated that wife had orally requested a continuance of the trial. The court "reluctantly granted" her request and ordered wife to produce medical proof that she was in fact sick on the trial date. The order reset the trial for November 1, 2011.

At the November 1st trial, the parties announced several agreements to the court. On July 13, 2012, the court entered an order approving and ratifying the parties' agreements. The July 13th order incorporated the transcript of the November 1st hearing into it by reference. The order addressed the parties' permanent parenting plan, father's child support obligation, property division, and spousal support for wife.

As memorialized by the transcript and incorporated into the court's final judgment, wife's counsel presented the parties' agreement regarding alimony to the court at the hearing. The alimony agreement was specifically identified as an agreement pertaining to spousal support and not property division:

> alimony will be paid at the rate of $1,100 a month for eight and a half years. That is when the husband will be retiring from the airline. *That, of course, is spousal support*, tax deductible to the husband and the wife will be required to pay taxes on that amount.

(Emphasis added). No mention was made that the alimony was intended to adjust the distribution of the parties' marital property. Wife made no mention of the alimony issue not having been reserved as a separate issue; instead, she specifically presented it to the trial court as spousal support. Therefore, wife's argument on appeal that the issue of alimony was not reserved and not set forth as a separate agreement between the parties is inconsistent with the record before this Court. We hold that this argument is without merit.

## 2.

In addition, wife also alleges on appeal that she "did not ask for transitional alimony in her [c]omplaint, but did ask for alimony in solido." However, a review of her complaint indicates that she asked for all types of alimony available under Tennessee law (albeit some identified by misnomers). Wife requested to be awarded:

> suitable alimony in future (sic), alimony in solido, temporary alimony, rehabilitative alimony, permanent alimony, attorney fees and suit expenses, both pendente lite and permanent; that said alimony shall be assigned from the Defendant's income; that a lien be imposed on property to ensure the payment of said alimony; and that the Defendant be required to obtain and/or maintain life insurance to pay said funds upon the Defendant's death.

We hold that this argument is also inconsistent with the record and is therefore without merit.

## 3.

Lastly, we consider whether the record supports the trial court's finding that the alimony awarded to wife is more properly characterized as transitional alimony than alimony *in solido*. When determining matters of spousal support, Tennessee law has recognized that trial courts should be accorded wide discretion. As stated by the Supreme Court,

> [t]his well-established principle still holds true today, with this Court repeatedly and recently observing that trial courts have broad discretion to determine whether spousal support is needed and, if so, the nature, amount, and duration of the award.

> Equally well-established is the proposition that a trial court's decision regarding spousal support is factually driven and involves the careful balancing of many factors.

*Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105–06 (Tenn. 2011) (internal citations omitted).

We find that the court's decision to characterize the award as transitional alimony is sufficiently supported by the record. The parties' agreement never mentioned a total amount due to wife, as is characteristic of an award of alimony *in solido*. There is also no mention that the parties were awarding wife alimony in an attempt to adjust the distribution of the parties' marital property, as is characteristic of an award of alimony *in solido*. Furthermore, the final four years of alimony payments were expressly made conditional upon husband attaining the rank of airline captain. Given the conditional nature of the award, the sum of alimony to be paid was not definitively ascertainable *when awarded*. *See* Tenn. Code Ann. § 36–5–121(h)(1) (stating that, alimony *in solido* "is a form of long term support, the total amount of which is calculable on the date the decree is entered…may be paid in installments; provided, that…the sum of the alimony to be paid is ascertainable when awarded.")

Ultimately, when reviewing a trial court's determination regarding the nature of spousal support awards, we find the following direction by the Supreme Court particularly instructive:

> [t]he role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable. Appellate courts decline to second-guess a trial court's decision absent an abuse of discretion. An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. This standard does not permit an appellate court to substitute its judgment for that of the trial court, but reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives, and thus envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. Consequently, when reviewing a discretionary decision by the trial court, such as an alimony determination, the appellate court should presume

that the decision is correct and should review the evidence in
the light most favorable to the decision.

*Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105–06 (Tenn. 2011) (internal citations and quotations omitted).

It is clear that the trial court applied the correct legal standard in reaching its decision; its result is neither illogical nor unjust. We decline to consider substituting our judgment for that of the trial court. We hold that the court did not abuse its discretion in designating the alimony awarded to wife as transitional alimony, and therefore subject to modification, pursuant to Tenn. Code Ann. § 36–5–121(g)(2).

## V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Deborah Balzer. This matter is remanded to the trial court for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE